IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

EDWARD MCSWEEGAN,

    Plaintiff,

v.                      CIVIL NO.: WDQ-12-2126

JOHN S. PISTOLE,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Edward McSweegan, *pro se*, sued U.S. Transportation Security Administration ("TSA") Administrator John S. Pistole in detinue. For the following reasons, Pistole's motion to dismiss will be granted.[1]

I.     Background[2]

McSweegan alleges that, during a November 2, 2011 United Airlines flight from Washington Dulles International Airport in

---

[1] Pistole captioned the motion as a motion to dismiss or, alternatively, for summary judgment. ECF No. 12. The motion will be treated as a motion to dismiss; the Court will consider the pleadings, matters of public record, and documents attached to the motion that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (in determining whether it has jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment").

[2] The factual background of the alleged theft is not in dispute for purposes of this motion.

Chantilly, Virginia, an unidentified TSA employee stole a climber's knife from his checked baggage. ECF No. 2 at 3, 4. On November 10, 2011, McSweegan mailed a completed claims form and receipt for "the cost of replacing stolen property" to TSA's Claims Management Branch. *Id.* at 3; *see id.* at 4-7. On December 30, 2011, TSA's Office of Financial Management's Assistant Director Yvonne C. Williams wrote to McSweegan that "there are no legally sustainable grounds upon which a finding of liability can be based on the part of TSA." *Id.* at 2. Williams further informed McSweegan that, if he was "dissatisfied" with the action taken on his administrative claim, he could file suit in an "appropriate" U.S. district court within six months. *Id.*

On February 15, 2012, McSweegan instead sued Pistole in the District Court of Maryland for Anne Arundel County, in detinue. ECF No. 2 at 1. The complaint sought return of the climber's knife or its dollar value of $40.00. *Id.* On July 17, 2012, Pistole removed the action to this Court. ECF No. 1. On September 4, 2012, Pistole timely moved to dismiss. ECF No. 12; *see* ECF No. 9. On September 5, 2012, the Clerk's Office mailed McSweegan a Rule 12/56 letter. ECF No. 13.[3] McSweegan has not responded. *See* docket.

---

[3] The Rule 12/56 letter is sent to *pro se* parties to advise them

2

II. Analysis

A. Legal Standard

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id.*

B. Pistole's Motion to Dismiss

Pistole argues that the complaint should be dismissed for lack of subject matter jurisdiction, on sovereign immunity grounds. ECF No. 12 at ¶ 3.[4] Because McSweegan is a *pro se* litigant, his filings will be construed liberally, even if his arguments and pleadings are "inartful[]." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks omitted).

---

that a dispositive motion has been filed and failure to timely respond may result in the entry of judgment against them or dismissal of the case. See ECF No. 13.

[4] Alternatively, Pistole argues that the complaint fails to state a claim, or he is entitled to judgment, because there is "no evidence" that TSA personnel inspected McSweegan's baggage during the relevant flight. ECF No. 12 ¶ 3.

3

As a sovereign, the United States is "immune from suit[,] save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (internal quotations omitted).[5] The Federal Tort Claims Act (the "FTCA") provides a "limited waiver" of the United States' sovereign immunity, by "authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment." *Suter v. United States*, 441 F.3d 306, 310 (4th Cir. 2006) (*citing* 28 U.S.C. § 1346(b)(1)).

In such cases, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *see Suter*, 441 F.3d at 310. Pistole argues that the unidentified TSA employee who allegedly stole McSweegan's property was not acting within the scope of his or her employment, depriving the Court of jurisdiction over the case. ECF No. 12-1 at 4-5.

"A plaintiff has an FTCA cause of action against the government only if []he would also have a cause of action under state law against a private person in like circumstances."

---

[5] TSA is a division of the U.S. Department of Homeland Security, and an agency of the federal government. *See Mariani-Colon v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 218 (1st Cir. 2007). A lawsuit against Pistole, in his capacity as TSA Administrator, is a lawsuit against the United States.

4

*Miller v. United States*, 932 F.2d 301 (4th Cir. 1991) (*citing* 28 U.S.C. § 1346(b)(1); *Corrigan v. United States*, 815 F.2d 954, 955 (4th Cir. 1987) (per curiam)). To determine whether a cause of action exists, courts are instructed to apply "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Here, the alleged theft occurred in Virginia; thus, Virginia law applies. *See* ECF No. 2 at 4; *see also, e.g.*, *Amberg-Blyskal v. Transp. Sec. Admin.*, 832 F. Supp. 2d 445, 448 n.2 (E.D. Pa. 2011) (it is "reasonable" to believe that TSA personnel searched plaintiff's bag where the flight originated). Under Virginia law, an employer is vicariously liable for an employee's acts committed within the scope of employment. *Interim Personnel of Cent. Va., Inc. v. Messer*, 559 S.E.2d 704 (Va. 2002). "The test of liability is not the motive of the employee in committing the act complained of, but whether that act was within the scope of the duties of employment and in the execution of the service for which he was engaged." *Tri-State Coach Corp. v. Walsh*, 49 S.E.2d 363, 366 (Va. 1948).

In this detinue action, McSweegan alleges that an unidentified TSA employee stole, and retained, a climber's knife from his checked baggage. ECF No. 2.[6] Assuming that his

---

[6] An action in detinue entails recovery of personal property, or an award of damages if the property in question cannot be returned. *Broad St. Auto Sales, Inc. v. Baxter*, 334 S.E.2d 293,

allegations are true, "TSA does not hire employees to steal personal belongings from airline passengers. Rather, its employees are hired in part to conduct authorized searches of baggage for security purposes." *Amberg-Blyskal*, 832 F. Supp. 2d at 448.[7] Otherwise stated, theft of personal belongings is not "within the scope of the duties of employment" and "in the execution of the service" for which the relevant TSA employee was engaged. *Walsh*, 49 S.E.2d at 366.

McSweegan bears the burden of proving the Court has jurisdiction. *Khoury*, 268 F. Supp. 2d at 606. Drawing all reasonable inferences in McSweegan's favor, his claims are not within the FTCA's "limited waiver" of sovereign immunity.

---

294 (Va. 1985). An action in detinue lies against the person or entity in possession of the specific personal property. *Id.*

[7] *See also, e.g.*, *Tully v. Transp. Sec. Admin.*, No. C 12-1591 MEJ, 2012 WL 3249513, at *2 (N.D. Cal. Aug. 7, 2012) (finding that plaintiff's allegations against the TSA agent, even if true, would not state a claim under the FTCA because "that agent was not acting within the scope of his employment when allegedly stealing Plaintiff's jewelry"); *Sullivan v. Transp. Sec. Admin.*, No. 10-CV-16-PB, 2010 WL 3269881, at *3 (D.N.H. Aug. 19, 2010) ("the mere fact that the theft was made possible by or arose during a TSA-authorized search is, by itself, insufficient" to establish vicarious liability); *Carpenter v. Transp. Sec. Admin.*, No. AW-08-2578, 2009 U.S. Dist. LEXIS 129650, at *6-7 (D. Md. Apr. 9, 2009) (assuming a TSA agent stole the plaintiff's watch, the alleged thief "was not acting within the scope of his employment"); *Bradley v. Transp. Sec. Admin.*, 552 F. Supp. 2d 957, 961 (E.D. Mo. 2008) ("Because any TSA agent who may have removed items from plaintiff's luggage would be operating outside the scope of his employment at the time of those items' removal, plaintiff fails to satisfy his prima facie burden of showing that defendant TSA should be held liable for the loss of his belongings.").

*Suter*, 441 F.3d at 310. Thus, the action must be dismissed for lack of subject matter jurisdiction.

III. Conclusion

For the reasons stated above, Pistole's motion to dismiss will be granted.

_____4/30/03_____             _____/s/_____
Date                                                          William D. Quarles, Jr.
                                                                  United States District Judge